**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**TERRI HAMILTON,**

                 **Plaintiff,**              5:11-cv-954
                                                      (GLS)

          v.

**MICHAEL J. ASTRUE,**
Commissioner of Social
Security,

                 **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Olinsky Law Group | KAREN S. SOUTHWICK, ESQ. |
| 300 S. State Street | |
| 5th Floor, Suite 520 | |
| Syracuse, NY 13202 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN | ANDREEA L. LECHLEITNER |
| United States Attorney | REBECCA H. ESTELLE |
| 100 South Clinton Street | Special Assistant U.S. Attorneys |
| Syracuse, NY 13261 | |
| | |
| Steven P. Conte | |
| Regional Chief Counsel | |
| Social Security Administration | |
| Office of General Counsel, Region II | |
| 26 Federal Plaza, Room 3904 | |
| New York, NY 10278 | |

**Gary L. Sharpe
Chief Judge**

## **MEMORANDUM-DECISION AND ORDER**

## **I. Introduction**

Plaintiff Terri Hamilton challenges the Commissioner of Social Security's denial of her claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), seeking judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3). (*See* Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering Hamilton's arguments, the court reverses and remands the Commissioner's decision.

## **II. Background**

On February 10, 2009, Hamilton filed applications for DIB and SSI under the Social Security Act ("the Act"), alleging disability since April 15, 2008. (*See* Tr.[1] at 223-27, 228-30, 243.) After her applications were denied, Hamilton requested a hearing before an Administrative Law Judge (ALJ), which was held on December 14, 2010. (*See id.* at 18, 39-65.) On February 25, 2011, the ALJ issued a partially favorable decision finding that Hamilton became disabled as of February 10, 2009, but denying the requested benefits for any time prior to that date. (*See id.* at 13-38.) That

---

[1] Page references preceded by "Tr." are to the Administrative Transcript. (*See* Dkt. No. 10.)

decision became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review. (*See id.* at 1-6, 13-38.)

Hamilton commenced the present action by filing her Complaint on August 12, 2011 seeking review of the Commissioner's determination. (*See generally* Compl.) The Commissioner filed an answer and a certified copy of the administrative transcript. (*See* Dkt. Nos. 9, 10.) Each party, seeking judgment on the pleadings, filed a brief. (*See* Dkt. Nos. 13, 17.)

### III. <u>Contentions</u>

Hamilton contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence. (*See* Dkt. No. 13 at 9-25.) Specifically, Hamilton claims that the: (1) "ALJ erred by adopting an onset date unsupported by substantial evidence"; (2) residual functional capacity (RFC) determination is not supported by substantial evidence and is the product of legal error; (3) ALJ improperly evaluated her credibility; (4) step four determination that she could perform her past relevant work is unsupported by substantial evidence and the product of legal error; and (5) hypothetical question posed to the vocational expert was incomplete and based upon the flawed RFC and credibility determinations. (*Id.*) The

3

Commissioner counters that the appropriate legal standards were used by the ALJ and her decision is supported by substantial evidence. (*See* Dkt. No. 17 at 2-21.)

## IV. **Facts**

The court adopts the parties' undisputed factual recitations. (*See* Dkt. No. 13 at 2-9; Dkt. No. 17 at 1.)

## V. **Standard of Review**

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g)[2] is well established and will not be repeated here. For a full discussion of the standard and the five-step process used by the Commissioner in evaluating whether a claimant is disabled under the Act, the court refers the parties to its previous opinion in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI. **Discussion**

Among several other arguments, Hamilton contends that the ALJ's selection of February 10, 2009 as the date on which she became disabled

---

[2] Specific reference to 42 U.S.C. § 1383(c)(3) is unnecessary because judicial review under that section is identical to review under section 405(g).

is arbitrary and unsupported by substantial evidence. (*See* Dkt. No. 13 at 11-12.) Hamilton claims that the ALJ was required to begin by considering the alleged onset date and then compare it with the onset date, if any, established by work history and medical evidence. (*See id.*) In sum, Hamilton alleges that the ALJ should have found her disabled on the alleged onset date—April 15, 2008—and the ALJ's failure to explain why she selected a different date requires remand. (*See id.*) The Commissioner counters that the alleged onset date was inconsistent with the medical evidence, which entitled the ALJ to disregard it, and the ALJ could have found that Hamilton became disabled as late as October 2009 based upon the evidence of record. (*See* Dkt. No. 17 at 7-11.) In that vein, the Commissioner claims that "the ALJ clearly gave [Hamilton] the benefit of doubt." (*Id.* at 11.) While the court declines to fix the onset date as April 15, 2008, it nonetheless agrees with Hamilton that remand is necessary on this issue.

"[I]t is essential that the onset date be correctly established and supported by the evidence." SSR 83-20, 1983 WL 31249, at *1 (1983). Where, as here, the alleged disability is nontraumatic in origin, the ALJ must consider the following relevant factors: (1) the individual's allegation

5

of onset; (2) her work history; and (3) the medical and other evidence concerning impairment severity. *See id.* at *1-2. The individual's allegation is "[t]he starting point" from which the ALJ determines the onset date; the alleged onset date "or the date of work stoppage is significant . . . only if it is consistent with the severity of the condition(s) shown by the medical evidence." *Id.* at *1. The medical evidence, however, is the "primary element in the onset determination." *Id.* at *2. While the date alleged by the claimant should be used if it is consistent with all the record evidence, "[w]hen the medical or work evidence is not consistent with the allegation, additional development may be needed to reconcile the discrepancy." *Id.* at *3. Ultimately, the date selected by the ALJ "can never be inconsistent with the medical evidence of record." *Id.*

Slowly progressive impairments are such that "it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling." *Monette v. Astrue*, 269 F. App'x 109, 112 (2d Cir. 2008) (internal quotation marks omitted). If the ALJ reasonably questions the alleged onset date, "the best practice may be to solicit the

6

views of a medical expert."[3]  *Id.*; *see* SSR 83-20, 1983 WL 31249, at *3 (explaining that the ALJ "should call on the services of a medical advisor when onset must be inferred").

Here, the ALJ's determination regarding the date of onset is not supported by substantial evidence.[4]  After summarizing the evidence in the record, the ALJ concluded that Hamilton was disabled as of the date she filed her benefits applications—February 10, 2009—which the ALJ described as "a claimant favorable date."  (*See* Tr. at 28-29.)  In support of the date selected, the ALJ cites a prior "lack of meaningful treatment until early February of 2009."  (*Id.* at 28.)  At best, however, the evidence regarding onset is ambiguous.

At the hearing, Hamilton testified that her alleged onset date coincides with the date that she ceased working, April 15, 2008.  (*See* Tr.

---

[3] "While SSR 83–20 does not mandate that a medical advisor be called in every case, courts have construed this step to be essential when the record is ambiguous regarding onset date."  *Parmenter v. Astrue*, No. 08-CV-1132, 2010 WL 2884866, at *5 (N.D.N.Y. Apr. 23, 2010) (internal quotation marks and citations omitted); *see Plumley v. Astrue*, No. 2:09-CV-42, 2010 WL 520271, at *8 (D. Vt. Feb. 9, 2010).

[4] "Substantial evidence is defined as more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept to support a conclusion."  *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks and citations omitted).

7

at 45-46.) Little relevant medical evidence exists surrounding that date. (*See id.* at 404, 407-08, 419-20, 448-52, 453-57.) Beginning in January 2009, however, the evidence suggests that Hamilton's condition was deteriorating. (*See, e.g.*, *id.* at 388-90, 431-35.) Moreover, there is no medical documentation from February 2009 that demonstrates any particular change in Hamilton's condition or treatment that the ALJ could rely on in fixing the onset date. On the other hand, the Commissioner concedes that Hamilton's limitations were disabling as of October 2009—when she began interferon treatment for hepatitis C virus—and that "the ALJ clearly gave [Hamilton] the benefit of doubt." (Dkt. No. 17 at 11; *see* Tr. at 567.) Under these circumstances, the ALJ should have called on the services of a medical advisor to infer an onset date in light of the ambiguous medical proof. *See Thomas v. Chater*, 104 F.3d 356, No. 96-6127, 1996 WL 730490, at *2-3 (2d Cir. Dec. 18, 1996). The court notes that, while the ALJ may select a "somewhat generous[]" onset date, she can do so only after acquiring a "'legitimate medical basis,'" which, here, derives from the entirety of the record and opinion of a medical advisor. *Id.* at *3; SSR 83-20, 1983 WL 31249, at *3. Because Hamilton's remaining arguments are contingent upon the ALJ's resolution of the foregoing issue

8

on remand, the court need not address them. *See Alomar v. Comm'r of Soc. Sec.*, No. 6:11-cv-1328-Orl-DAB, 2012 WL 3609854, at *5 (M.D. Fla. Aug. 22, 2012).

## VII. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this Memorandum-Decision and Order; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

October 25, 2012
Albany, New York

*Gary L. Sharpe*
Chief Judge
U.S. District Court